■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK REED, Appellant. [722 NYS2d 148] —Judgment, Supreme Court, New York County (Charles Solomon, J., at hearing; Dorothy Cropper, J., at plea and sentence), rendered February 16, 1999, convicting defendant of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

Defendant's suppression motion was properly denied. On appeal, defendant contends that when the police discovered drugs by opening a brown paper bag that had fallen from his clothing during a strip search in a bathroom at the precinct, they were conducting an unlawful warrantless search of a closed container. This claim is unpreserved because it was not raised at the hearing and because, contrary to defendant's assertion on appeal, the court made no express ruling on this issue (*see,* CPL 470.05 [2]; *People v Turriago*, 90 NY2d 77); we decline to review it in the interest of justice. Were we to review this claim, we would find that the search was incident to a lawful arrest: had defendant been determined to disrupt the arrest process, he could have gained access to a weapon or destroyed evidence in the bag, particularly since he was not handcuffed at the time the bag was discovered (*see, People v Wylie*, 244 AD2d 247, 251, *lv denied* 91 NY2d 946).

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.